ANDREW SMITH, PLAINTIFF-RESPONDENT, v. HUGH M. WHITE, EXECUTOR OF THE ESTATE OF JAMES GEORGE, DECEASED, DEFENDANTS-APPELLANT.

Submitted February 11, 1940—Decided December 12, 1940.

For the plaintiff-respondent, *Platoff & Platoff (John N. Platoff,* of counsel).

For the defendant-appellant, *Richard Doherty.*

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment entered in the Supreme Court in favor of Andrew Smith, plaintiff-respondent, against Hugh M. White, executor of the estate of James George, deceased, defendant-appellant, in the sum of $5,000.

The action was brought by Andrew Smith and by his wife, Jennie Smith. There were three counts in the complaint. He alone is the plaintiff in the first and second counts. He joined her in the third count. Judgment was entered on the first and second counts only so Jennie Smith is not a party to this appeal and we are not concerned with the third count.

The first and second counts are based on written agreements made by James George, the defendant-appellant's testator, whereby he agreed to purchase for Andrew Smith the premises occupied by the Smiths, and with whom he was living, in consideration of the care and kindness shown him by Andrew Smith and Jennie Smith during the time he had been living with them and a further consideration that he continue to live with them and be supported by them and furnished with everything necessary for his sustenance and with medical attention for and during the remainder of his life. The value of the premises was alleged to be $5,000.

The summons and complaint which were served personally on the defendant-appellant had endorsed thereon a demand for an affidavit of merits. Upon the failure of the defendant to file such affidavit a default judgment was entered.

Thereafter the defendant-appellant obtained from Chief Justice Brogan a rule to show cause why the judgment should not be set aside and why the defendant-appellant should not be allowed to plead to the complaint. Depositions were taken on behalf of both parties and submitted to the court. The application to open the judgment was denied on the ground that the proofs failed to show any defense on the merits and directed the assessment of damages. Same were assessed by a jury before a Circuit Court judge.

We conclude that the court was right that the proofs failed to show any defense. It appears that the attorney who drew the agreements says that he was told by the deceased that Smith had threatened to put him out of the house unless he

agreed to buy him the house, that he was instructed by the deceased to draw up the agreements but not to deliver them. He did thereupon draw the agreements and they were executed by the parties thereto in his presence.

The defenses which are sought to be interposed are that the contract was made by the deceased under duress and for that reason is invalid; that payment for services having been made the contracts lacked consideration. Under the proofs the defense of payment and lack of consideration are without any substance. Nor do we find any merit to the defense of duress which seems to be chiefly relied on.

Smith clearly had a right to discontinue boarding and caring for the deceased and to put him out of his house if he desired to do so. A threat to do what one has a legal right to do does not constitute duress, under the facts in this case. 17 *C. J. S. Contracts*, 172; *McCrory Stores* v. *Braunstein*, 99 *N. J. L.* 166; *Standard Radio Corp.* v. *Triangle Radio Tubes, Inc.*, 125 *Id.* 131, and cases therein cited.

An interlocutory judgment having been entered under the ruling of the court below the matter was referred to the Circuit Court for the assessment of damages. The learned trial judge ruled that the only issue to be tried was that of damages and that its proper measure was the fair value of the property at the time of the making of the agreements.

It is argued by the appellant as grounds for reversal that on the face of the record it appears that the judgment was obtained by fraud and deceit practiced upon the court by the respondents. We fail to perceive any justification for this contention.

The appellant sought to raise issues of defense at the trial for the assessment of damages and to show that the measure of damages under all the facts was nominal and not the fair value of the property as ruled by the court. Exceptions to the court's rulings were taken and are argued as grounds for reversal. We think that the rulings were not erroneous. As stated the defenses which were sought to be interposed were found to be without merit by the Chief Justice and the assessment of damages was ordered. Therefore the trial court was right in suppressing any defense on the merits of the action

and to limit the proof and instructions to the jury to the issue of the damages suffered by the respondents and that the correct measure of damages was that applied by the court, the fair value of the property.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, PORTER, DEAR, WELLS, WOLFSKEIL, JJ. 8.

*For reversal*—DONGES, HEHER, PERSKIE, RAFFERTY, HAGUE, JJ. 5.